Filed 3/26/25  Marriage of Vasilyev and Sarokina CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of DMITRY VASILYEV and LILIYA SAROKINA. | |
| DMITRY VASILYEV,   Respondent,   v.   LILIYA SAROKINA,   Appellant. | A168939   (San Mateo County Super. Ct. No. 16-FAM-01328) |

Liliya Sarokina appeals from an order denying her request for need-based attorney's fees under Family Code section 2030, denying her motion to compel further responses to discovery requests, and awarding discovery sanctions to her former spouse Dmitry Vasilyev.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Sarokina's Request for Attorney's Fees*

On September 2, 2022, Sarokina filed a "Request for Order" requesting a change to an existing child support order[1] and—more relevant to this

---

[1] At this time, the parties apparently had been divorced for many years. Sarokina's request stated the existing child support order (that Vasilyev pay $1,150 per month) was entered following a hearing in March 2017 (more than

1

appeal—attorney's fees and costs of $10,000.  At a hearing on December 5, 2022, the court (Honorable Rachel Holt) noted that no proof of service for Sarokina's request or response had been filed and continued the hearing. Subsequently, Vasilyev filed a response proposing an alternative child support order[2] and seeking sanctions against Sarokina for her alleged "refus[al] to fully disclose her current compensation package despite repeated requests."

At the continued hearing on March 14, 2023, the court (Honorable Sharon Cho) ordered child support in the amount Vasilyev requested, effectively denying Sarokina's child support request.  The modified child support order is not at issue in this appeal.  As to Vasilyev's request for sanctions, the court stated it "was inclined to grant sanctions—at least in some amount—for [Sarokina's] failure to disclose the compensation package," but the court accepted Sarokina's counsel's representations at the hearing that none of her options had vested, and the court "d[id] not find the conduct to be so egregious so as to order sanctions at this time."

As to Sarokina's request for attorney's fees (which is at issue in this appeal), the court stated it was unclear from her filings whether the request was based on need under Family Code[3] section 2030 or was intended as a sanction under section 271 and continued the hearing to July 18, 2023, to allow Sarokina's counsel "to correct the deficiencies" in the request.

---

five years before this filing).  She sought an increase in monthly child support to $1,990 in years she claims their son as a dependent and $2,082 in years Vasilyev claims him as a dependent.

[2] Vasilyev asked to modify the child support to $1,054 in years when Sarokina claims their child as a dependent and $1,081 when Vasilyev does.

[3] Further undesignated statutory references are to the Family Code.

On June 23, 2023, Sarokina filed a memorandum of points and authorities and counsel's declaration in support of her request for attorney's fees specifying the request was need-based pursuant to section 2030. Sarokina's counsel declared there was a significant disparity of income between the parties and "in access and ability to pay." Her counsel declared that Vasilyev's monthly average income was $48,454 and his total monthly expenses were $13,174, "which leaves Father with $35,280 per month of disposable and additional income, showing that Father is able to pay for the legal representation on both sides of this matter." Sarokina also filed an income and expense declaration stating she was paid $13,333 gross per month and her monthly expenses were $8,422.

On July 11, 2023, Vasilyev filed a declaration in opposition to Sarokina's request for attorney's fees and an income and expense declaration. Vasilyev declared his gross monthly income was $30,800, and his monthly expenses were $17,415. He stated that he was "the sole income earner for my family of 4,"[4] and his net income was around $17,225 per month.

*Sarokina's Motion to Compel Discovery Responses*

Meanwhile, on June 2, 2023, Sarokina filed a "Request for Order" moving to compel further responses to her demand for production of documents and requesting mandatory discovery sanctions. The discovery motion was filed using Judicial Council Form FL-300, but it did not meet the requirements for such motions.[5]

---

[4] Vasilyev was counting his partner and their newborn daughter, as well as his son from his marriage with Sarokina.

[5] Specifically, the motion to compel further responses lacked the required statement of "specific facts showing good cause justifying the discovery sought by the demand" (Code Civ. Proc., § 2031.310, subd. (b)(1)) and contained neither "a concise outline of the discovery request and each

3

*Hearing on July 18, 2023*

At the continued hearing on Sarokina's request for attorney's fees held July 18, 2023, Vasilyev's counsel acknowledged Vasilyev earned more than Sarokina but argued their respective "access to funds" was similar and, "after child support, Ms. Sarokina is left with more disposable income than Mr. Vasilyev is left with." The court (Honorable Cho) agreed, observing that, considering the parties' respective income and expense declarations and counsels' arguments, "there isn't actually any significant disparity in terms of access to funds for purposes of legal representation."[6]

Sarokina's counsel argued that Vasilyev's gross monthly income was $47,000 (not $30,800 as stated in Vasilyev's income and expense declaration) citing Vasilyev's W-2 for 2022, which showed his annual income was $560,000. Vasilyev's counsel responded that the paycheck attached to Vasilyev's income and expense declaration established what his *current* monthly income was. She argued that Sarokina's counsel was making

response in dispute" (*id.*, subd (b)(3)) nor a separate statement providing "all the information necessary to understand each discovery request and all the responses to it that are at issue," such that "no person is required to review any other document in order to determine the full request and the full response" (Cal. Rules of Court, rule 3.1345(c)). (Further references to rules are to the California Rules of Court.)

[6] The court stated it appeared from the filings and counsels' arguments that Sarokina's net monthly income was approximately $9,554 "which includes" child support and her expenses were approximately $8,000, while Vasilyev's net monthly income was approximately $17,200 and his expenses were about $15,000, and that Sarokina had about $5,000 in savings and Vasilyev had about $2,500.

4

assumptions about additional income Vasilyev would receive in the future "in the form of stocks," but "they will see it when it's vested."[7]

The court asked whether Vasilyev had "stocks that he can sell right now," and Vasilyev responded no. He explained, "I have stock options. And stock options would depend on how stock performs. They have a strike price and the stock stays below the strike price. And they were zero." He also said he could not "sell any of them now" because there are only certain times "where we can exercise those options."

The court stated that both parties have stock options, but "neither side is presenting any hard numbers in terms of the value or the income that is *actually accessible and available* to each of them based on stock options." (Italics added.) Sarokina's counsel told the court that Sarokina's stock options had no value but insisted Vasilyev, in contrast, "receives already stock."

The court noted there was "a factual dispute regarding whether or not [Vasilyev] . . . has this additional source of income from stocks" and told Sarokina's counsel that, without evidence of "that additional source of income," it could not find Vasilyev was "in a position to pay for the legal representation of both parties."

---

[7] By "they will see it when it's vested," Vasilyev's counsel apparently meant that if Vasilyev receives additional compensation in the form of valuable vested stock options, Sarokina will receive additional child support under the parties' Ostler/Smith provision. (See *In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 949 ["An *Ostler*/*Smith* provision is 'an additional award, over and above guideline support, expressed as a fraction or percentage of any discretionary bonus actually received.' [Citations.] Its purpose is to capture fluctuations in the supporting spouse's income that are not included in a flat rate amount of support"].) In any event, child support is not at issue in this appeal.

5

Sarokina's counsel stated that he understood but Vasilyev had "refused to produce discovery" as requested. He told the court a motion to compel discovery had been filed, and he asked that the court continue Sarokina's attorney's fees request to the hearing already set for the discovery motion on October 2, 2023.

Objecting to continuing the attorney's fees request again, Vasilyev's counsel noted they hadn't been served a discovery motion yet, argued Sarokina's discovery requests were overbroad as to the issue of Vasilyev's current ability to pay both parties' fees, and asked Sarokina's counsel to "identify exactly what document [Sarokina] needs that this Court doesn't have."

The court noted that it thought "the bank accounts, the investment account, and the compensation package" in the "period from August 2022 to current would be relevant." Stating it "needs more information from the parties in order to better assess this issue," the court continued the hearing on the attorney's fees request to October 2, 2023.

On September 29, 2023, the court filed a "Findings and Order After Hearing" that specified Vasilyev was ordered to produce, for the time period August 2022 to the date of production: checking account statements, savings account statements, stock accounts statements, trading accounts statements, and stock options grant and vesting schedule.

*Subsequent Filings*

On August 28, 2023, Sarokina filed points and authorities in support of her motion to compel further responses to discovery (which motion had been

filed June 2, 2023, as described above).[8]  Vasilyev filed an opposition to the discovery motion and requested mandatory sanctions against Sarokina.[9]

On September 21, 2023, Vasilyev filed an updated declaration in opposition to Sarokina's request for attorney's fees.  He declared that he provided Sarokina "all relevant documents" and his documentation proves, "I have a stock *option* package like [Sarokina] does, which does not mean that I receive and/or have received stocks on a monthly basis, rather they are options that are exercisable only during selling windows upon payment of the purchase/ex[er]cise price.  I do not have any 'vested' stocks as [Sarokina]'s counsel has claimed because the grants are only for stock options—which is the same scenario as [Sarokina]."  Vasilyev attached his employer's stock options agreement and a letter from his employer.  The letter from his employer dated August 24, 2023, confirmed that Vasilyev was an employee and provided, "[Vasilyev] is a Full time employee with a total compensation of $580,000.00, which includes $210,000.00 towards stock options."

On September 25, 2023, Sarokina filed an updated declaration (signed by counsel) in support of her request for attorney's fees.  She alleged

_____

[8] Sarokina's briefing still lacked "specific facts showing good cause justifying the discovery sought by the demand" (Code Civ. Proc., § 2031.310, subd. (b)(1)), and while a document was attached titled "Respondent's Separate Statement in Compliance with CRC Rule 3.1345 . . .," the document did not contain "all the information necessary to understand each discovery request and all the responses to it that are at issue," such that "no person is required to review any other document in order to determine the full request and the full response" (rule 3.1345(c)).

[9] Vasilyev's counsel's declaration noted that Vasilyev produced his stock option agreement with his employer in April 2023, well before the hearing on July 18 at which Sarokina's counsel told the court he needed to compel discovery in order to show Vasilyev received income in the form of stocks received.

Vasilyev's yearly compensation is $598,500, and he has "liquid stocks" and "credit funds available through TD Ameritrade" such that he has "liquid assets available" of over $65,000. (Italics omitted.) On October 2, 2023, Sarokina filed another declaration, stating Vasilyev's E-Trade quarterly statement from June 30, 2023, shows he had "funds/liquid assets [of] $84,320.55."

*Hearing on October 2, 2023*

On October 2, 2023, the court (Honorable Chinhayi Cadet) held a hearing on Sarokina's request for attorney's fees and discovery motion.

Vasilyev's counsel began by describing Vasilyev's compensation plan. Regarding the $210,000 for stock options (referred to in the employer's August 24, 2023 letter), she stated Vasilyev's employer does not grant a certain number of stock options; "Instead, they say, we are allocating this amount of money per year, and we're going to apply this amount of money to a formula to figure out how many stock options you get each month. You have the right to buy those stock options at the grant price under grant. [¶] So the argument that there's all these stocks available to [Vasilyev] as income is not accurate. If it's not income for [Sarokina], it likewise isn't income for [Vasilyev]."[10] Counsel said Vasilyev does not receive stock from his employer, he receives options, "and many of those are at an exercise price that is exceedingly over the current market price. So it would be at a loss."

As to Sarokina's allegation that Vasilyev held stock in brokerage accounts that he could sell to pay Sarokina's attorney's fees, Vasilyev's counsel told the court that Sarokina's counsel misunderstood the meaning of

_____

[10] Here, Vasilyev's counsel is referring to Sarokina's position that her stock options had no value and, therefore, they were not relevant for purposes of calculating child support.

8

the account statements. She said, "This statement is a statement of stock *options*. . . . [I]t said the cash equivalents are at one penny." (Italics added.) She reiterated that the accounts statements did not show that Vasilyev held stock; "[T]hey're not stocks that are there that actually sit in an account."

Sarokina's counsel accused Vasilyev of misrepresenting his compensation. The court asked Vasilyev, "[H]ave you misrepresented your stock options and your ability to sell the stock options?" Vasilyev responded no. The court asked Vasilyev whether he had produced to Sarokina "his August 2022 through present bank account statements, investment account statements, and a letter from his employer identifying his compensation package," and Vasilyev confirmed that he had done so.

*Trial Court Ruling*

After hearing from counsel and the parties, the trial court stated its ruling, which was to deny Sarokina's request for attorney's fees, deny the motion to compel discovery, and impose discovery sanctions against Sarokina.

Regarding attorney's fees, the issue was whether Sarokina proved Vasilyev had an additional source of income from stocks (since Judge Cho had already found there wasn't "actually any significant disparity in terms of access to funds for purposes of legal representation" when considering the parties' respective income and expenses and the court was "not going to be able to award [Sarokina] any attorney's fees" without evidence of an "additional source of income").

The court first noted that it believed Vasilyev "when he says he's produced all of the information that is relevant to the award of attorneys' fees." The court then explained, "I have not been shown any additional information regarding additional income to substantiate an award of attorney's fees under 2030. I feel that with the totality of the circumstances

9

here, the Court cannot find that [Vasilyev] is in a position to pay for the legal representation of both parties in this particular case."

As to Sarokina's motion to compel, the court found Sarokina's "motion fail[ed] to set forth specific facts showing good ca[u]se justifying the discovery sought by each demand as required by Code of Civil Procedure Section 2031.310(b)(1)." The court found Sarokina "request[ed] an unusually extensive set of financial documentation from [Vasilyev] in a way that seems out of proportion to the issues presently pending between the parties."[11] It further found the motion "failed to conform with the requirements of California Rule of Court 3.1345(c)(2) and that the separate statement did not include the text of [Vasilyev]'s discovery responses." It granted Vasilyev's request for discovery sanctions pursuant to Code of Civil Procedure section 2031.310, subdivision (h) in the amount of $5,400.

On November 3, 2023, the court filed a "Findings and Order After Hearing" denying Sarokina's request for attorney's fees, denying Sarokina's motion to compel, and granting Vasilyev's request for discovery sanctions of $5,400 to be paid within 15 calendar days of the hearing.

---

[11] Sarokina's motion to compel sought, among other things, all federal and state income tax returns from 2020, 2021, and 2022; all writings relating to ownership of Vasilyev's family house, the purchase contract, closing statements, and escrow documents, and property tax and insurance bills; bank, checking and brokerage account statements from January 1, 2020, to date of production; statements of retirement, pension, 401K and IRA plans; all credit card statements from January 1, 2021, to date of production; and all statements from bill paying services from January 1, 2020 to date of production.

10

## DISCUSSION

A. *Inadequacies of Appellant's Briefing and Appendix*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

As part of the presumption of correctness, reviewing courts also assume that all express or implied findings in support of the challenged action are themselves supported by substantial evidence. (E.g., *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134; *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman & Clark*).) An appellant challenging the sufficiency of the evidence to support a finding is required to state in the opening brief all evidence

11

pertinent to that point. If not done, the reviewing court may treat the issue as waived. (*In re Marriage of Fink*, at p. 887; *Foreman & Clark*, at p. 881.)

Here, the inadequacies of Sarokina's appellate briefing and appendix mean she cannot prevail on appeal. An appellant's opening brief must "[p]rovide a summary of the significant facts" (rule 8.204(a)(2)(C)), but Sarokina's opening brief fails to recount the procedural history or describe the motions she filed that led to the trial court's rulings, fails to summarize the briefing and evidence submitted by Vasilyev in opposition to her requests, and fails to describe the four hearings at which the trial court considered her requests, the evidence, and counsels' arguments. Sarokina challenges the trial court's fact finding, but she omits any mention of Vasilyev's declarations, testimony, and documentary evidence. For this reason alone, her appellate arguments are waived. (See *Foreman & Clark, supra*, 3 Cal.3d at p. 881 [Appellants " 'are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*. Unless this is done the error is deemed to be waived' "].)

Sarokina appeals from the denial of her request for need-based attorney's fees; yet her appendix omits the "Request for Order" in which she requested those attorney's fees. Sarokina appeals from the imposition of discovery sanctions—imposed because her motion failed to comply with the Code of Civil Procedure and California Rules of Court; yet her appendix omits her briefing in support of her motion to compel. (See rule 8.124(b)(1)(B) [appendix must contain any item "that is necessary for proper consideration of the issues, including, for an appellant's appendix, any item that the appellant should reasonably assume the respondent will rely on"].) Sarokina's failure to provide an adequate appellate record requires her

appeal " 'be resolved against [her].' " (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.)

B.    *Sarokina's Appellate Arguments*

Even if Sarokina's appellate arguments were not waived, they would fail. She claims the trial court "wrongly disregarded" Vasilyev's stock options, citing inapposite cases on whether stock options count as income for purposes of determining child support. This is not a child support case; Sarokina appeals the denial of her request for attorney's fees under section 2030. This section provides in relevant part, "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity *in access to funds* to retain counsel, and whether one party is *able to pay for legal representation of both parties*." (§ 2030, subd. (a)(2), italics added.) The issue whether Vasilyev had additional access to funds based on his stock option plan was vigorously litigated, and the court implicitly accepted Vasilyev's testimony that he did not have any stock or access to funds from stock options.

Sarokina claims Vasilyev failed to comply with the court's order of July 18, 2023, that he produce certain documentation, but the court stated it believed Vasilyev that he did produce the relevant documents. "We do not judge credibility on appeal. An adverse factual finding is a poor platform upon which to predicate reversible error." (*In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1175.)

Sarokina asserts the sanctions were unjustified and excessive, but she does not acknowledge that her motion to compel was denied because it failed to comply with the Code of Civil Procedure and the Rules of Court. Code of Civil Procedure section 2031.310, subdivision (h), provides, "the court *shall*

13

impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes . . . a motion to compel further response to a demand, *unless* it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (Italics added.) Sarokina has never attempted to offer substantial justification for her counsel's failure to comply with the requirements of the statute and the Rules of Court; nor has she identified circumstances that make the imposition of sanctions unjust.

C.     *Vasilyev's Motion for Sanctions*

Vasilyev seeks sanctions against Sarokina and her appellate attorney for taking a frivolous appeal solely to cause delay, including in the record matters not material to the appeal's determination,[12] and unreasonably violating the California Rules of Court.

"When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (Code Civ. Proc., § 907.) We may impose sanctions for "[t]aking a frivolous appeal or appealing solely to cause delay," "[i]ncluding in the record any matter not reasonably material to the appeal's determination," or "[c]omitting any other unreasonable violation of these rules." (Rule 8.276(a)(1), (2), and (4).)

"An appeal taken for an improper motive represents a time-consuming and disruptive use of the judicial process. Similarly, an appeal taken despite

---

[12] Sarokina's appendix included, among other things, a request to modify visitation orders filed by Vasilyev (a request that was not mentioned in the briefs and that is not relevant to Sarokina's appeal) a court order regarding custody and visitation unrelated to Sarokina's appeal, as well as an objection to the court's October 2, 2023, ruling filed by Sarokina in the trial court *after* she filed her notice of appeal of that order.

14

the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume of work at the appellate courts.  Thus, an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

While this appeal is meritless, our high court has cautioned that sanctions "should be used most sparingly to deter only the most egregious conduct." (*In re Marriage of Flaherty*, *supra*,  31 Cal.3d at p. 651.)  We decline to impose sanctions in this case.  However, we caution Sarokina and her counsel to be mindful of the law governing the filing of appeals in this court.

## DISPOSITION

The judgment is affirmed.  Vasilyev's motion for sanctions filed July 31, 2024, is denied.  Vasilyev is awarded his costs on appeal.

_____

Miller, J.

WE CONCUR:


_____

Stewart, P. J.


_____

Richman, J.


A168939, *Vasilyev v. Sarokina*